# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-16-00761-CV

**John S. Stritzinger, Appellant**

**v.**

**Christiana Trust, A Division of Wilmington Savings Fund Society, FSB, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT
## NO. D-1-GN-16-001852, HONORABLE KARIN KRUMP, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant John S. Stritzinger, proceeding pro se, filed a notice of appeal in the trial court on October 18, 2016. Stritzinger, however, is on the State of Texas's list of vexatious litigants and is subject to a prefiling order filed in Travis County.[1] *See* Tex. Civ. Prac. & Rem. Code § 11.001(a) (generally authorizing court to enter order prohibiting persons from filing "in propria persona, a new litigation" without permission from local administrative judge when court, after notice and hearing, finds that person is "vexatious litigant").

---

[1] Chapter 11 of the Texas Civil Practice and Remedies Code requires that the Office of Court Administration (OCA) "post on the agency's Internet website a list of vexatious litigants subject to prefiling orders." *See* Tex. Civ. Prac. & Rem. Code § 11.004(b). The OCA list reflects that on April 2, 2012, the 98th District Court of Travis County signed an order declaring Stritzinger a vexatious litigant and prohibiting Stritzinger from "filing *in propria persona* any new litigation in a court of this State unless he obtains an order from the local administrative judgment permitting the filing." *See* http://www.txcourts.gov/All_Archived_Documents/JudicialInformation/oca/pdf/vex/ JSStritzingerIII.pdf (last visited Dec. 21, 2016).

Chapter 11 of the Texas Civil Practice and Remedies Code, governing vexatious litigants, provides that a clerk of a court may not file a "litigation, original proceeding, appeal, or other claim presented, pro se, by a vexatious litigant subject to a prefiling order under Section 11.101 unless the litigant obtains an order from the appropriate local administrative judge described by Section 11.102(a) permitting the filing." *Id*. § 11.103 (duties of clerk); *see Douglas v. Government Emp. Ins. Co.*, No. 01-12-00129-CV, 2013 WL 1490497, at *1-3 (Tex. App.—Houston [1st Dist.] Apr. 11, 2013, no pet.) (mem. op.) (describing chapter 11 prefiling requirements for vexatious litigants). Consequently, by order dated November 18, 2016, we notified Stritzinger that he was required to obtain the permission of the local administrative judge to file this appeal, provided him with the address of the local administrative judge, and ordered him within thirty days of the date of the order to demonstrate to this Court that he had obtained permission from the local administrative judge to file this appeal. *See Douglas*, 2013 WL 1490497, at *2 (dismissing appeal because vexatious litigant failed to comply with appellate court's request that he file proof that he had obtained permission from local administrative judge); *see also* Tex. Civ. Prac. & Rem Code § 11.1035 (on receiving notice from clerk that litigation was mistakenly filed by vexatious litigant, court shall immediately stay litigation and dismiss litigation unless plaintiff obtains permission under section 11.102(a)). We notified Stritzinger that, if he failed to comply with the order, we would dismiss his appeal.

To date, Stritzinger has failed to demonstrate that he has obtained the local administrative judge's permission to file this appeal. Accordingly, we dismiss this appeal.

_____

Scott K. Field, Justice

Before Justices Puryear, Pemberton, and Field

Dismissed

Filed:   January 5, 2017